IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DWAYNE ANTHONY WALTERS,    :
                                             :
    Petitioner                 :    CIVIL NO. 1:CV-16-2361
                                             :
    v.                               :    (Judge Caldwell)
                                             :
JOHN A. ROWLEY, *et al.*,         :
                                             :
    Respondents             :

*M E M O R A N D U M*

I.    *Introduction*

        On November 21, 2016, Petitioner Dwayne Anthony Walters, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention pursuant to section 236(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c), by the United States Department of Homeland Security, Immigrations and Customs Enforcement (ICE). ICE has detained Petitioner since May 15, 2015. He contends his prolonged and continued mandatory detention under § 1226(c) violates his due process rights. Walters seeks a bond hearing before an Immigration Judge (IJ) or his release under supervision. (ECF No. 1, Pet.) Respondent concurs with Walters' request for a bond hearing before an IJ. (ECF No. 10, Resp.)

        For the reasons that follow, we will grant Walters' Petition and direct an IJ to conduct a bond hearing within twenty-one days of our Order.

II.  *Background*

Dwayne Anthony Walters, a native and citizen of Jamaica, was admitted to the United States on January 15, 2003, as a B-2 non-immigrant, temporary visitor for pleasure.  (ECF No. 10-1, p. 4.)  Walters was authorized to remain in the United States for a temporary period not to exceed July 14, 2003.  He did not depart and remained in the United States without authorization.  (*Id.*)

Walters has been arrested on multiple occasions.  (*Id.*, p. 5).  On October 23, 2006, Petitioner was arrested by the Philadelphia Police Department for various drug offenses.  (*Id.*, p. 5).  On September 4, 2009, he was convicted of manufacturing, delivering, or possessing with intent to manufacture or deliver and was sentenced to 11 months, 15 days to 23 months' confinement and 2 years' probation.  (*Id.*, p. 5).  All other charges stemming from the October 23, 2006, arrest were nolle prossed.  (*Id.*)

In the interim, Walters was arrested by the Philadelphia Police Department on December 14, 2006, February 2, 2007, and June 5, 2007, for various drug offenses.  In each instance the charges were withdrawn or dismissed.  (*Id.*)  On February 28, 2009, Petitioner was again arrested by the Philadelphia Police Department for the following offenses: Aggravated Assault; Criminal Conspiracy Engaging Aggravated Assault; Firearms Not to be Carried without a License; Possession of Instrument of Crime; and Terroristic Threats with intent to Terrorize Another; Simple Assault; and Recklessly Endangering Another Person.  (*Id.*, pp. 5 - 6).  In May 2009, all charges were withdrawn.

On March 4, 2011, Walters was arrested by the Bensalem Police Department on various drug charges. (*Id.*, p. 6). On June 24, 2014, Walters was found guilty of manufacturing, delivering, or possessing with intent to manufacture or deliver. He received and 11 months 29 days to 23 months 28 days' incarceration and 3 years' probation. He also received one year of probation on his conviction for Use/Possession of drug paraphernalia. (*Id.*, p. 6).

On June 7, 2013, Walters was arrested by the Philadelphia Police Department for intent to possess a controlled substance. All charges were withdrawn on June 4, 2014. (*Id.*)

On January 26, 2014, Petitioner was arrested for receiving stolen property, resisting arrest/other law enforcement, and the unauthorized use of a motor vehicle. On August 26, 2014, after pleading guilty to receiving stolen property and resisting arrest, he was placed on probation. *See Commonwealth v. Walters*, CP-51-CR-002825-2014 (Pa. Ct. Com. Pl. Phila. Cnty), available at https://ujsportal.pacourts.[1]

On May 14, 2015, Walters was apprehended by the Philadelphia Police Department for an outstanding criminal warrant. (*Id.*, p. 14). He was placed in ICE custody the same day. (*Id.*) On May 11, 2015, ICE officials issued a Notice of Intent to Issue a Final Administrative Removal Order charging Walters as removable from the United States pursuant to Section 237(a)(2)(A)(iii) of the INA based on his conviction for

---

[1] Respondent asserts Petitioner was given a five-year sentence for this offense, but our review of the records indicate it was probation.

an aggravated felony. (*Id.*, pp. 8 - 10). When served with ICE's Notice on May 15, 2015, Walters expressed a fear of being returned to Jamaica and requested withholding of removal. (*Id.*, p. 9). After an interview, an Asylum Officer concluded that Walters had a reasonable fear of persecution or torture, and on June 30, 2015, referred the matter to an IJ. (*Id.*, pp. 11 - 12).

On August 13, 2015, the Department of Homeland Security (DHS) indicated it was ready to proceed with Walters' case and objected to any further continuances. (*Id.*, p. 13). In the interim, at Walter's request for parole, DHS considered Walter for release. (*Id.*, pp. 14 - 15). On August 21, 2015, Walters' request for parole was denied because DHS did not find his case presented an urgent humanitarian reason or significant public benefit to support his release. (*Id.*) DHS also told Walters that he:

> must demonstrate that [he] does not pose a potential danger to the community or pose a flight risk to be eligible for release. The recidivist nature of your criminal history indicates you are not able to meet these requirements. You have been arrested and charged with criminal offenses on at least eight occasions. You have been convicted of several felony offenses including a crime that constitutes an aggravated felony. You also have a history of failing to abide by the conditions governing your release from custody, as you failed to attend criminal proceedings after being released on bond and were arrested and charged with criminal offenses after being released from the custody of the Pennsylvania Department of Corrections on probation. Therefore, ICE believes you pose both a potential danger to the community and a flight risk.

(*Id.*, p. 15).

On December 21, 2015, an IJ denied Walters any form of withholding of removal. (*Id.*, pp. 16 - 17). Walters appealed the decision to the Board of Immigration

-4-

Appeals (BIA).  (*Id.*, p. 17).  On April 11, 2016, the BIA remanded the matter back to the IJ to address what they called "legitimate concerns about his hearing" where "relevant evidence . . . was not admitted into the record or considered by the Immigration Judge." (*Id.*, p. 20).  On remand, the IJ denied Walters' application for deferral of removal under the Convention Against Torture on June 15, 2016.  (*Id.*, pp. 22 - 24).

       At some point, Walters again requested a change in custody.  The IJ denied the request on November 2, 2016, noting that "Walters was in withholding only proceedings" and that he had "no jurisdiction" to issue bail.  (*Id.*, p. 25).

       In November 2016 the BIA again remanded Walters' application for deferral of removal under the Convention Against Torture to the IJ for consideration of additional documents filed by Walters' counsel.  (*Id.*, p. 28).  On November 21, 2016, the IJ again denied Walters' application for deferral of removal.  (*Id.*, pp. 18 - 19).  Walters' appeal is currently pending before the BIA.

III.    *Discussion*

       Walters is being held pursuant to the mandatory detention statute under 8 U.S.C. § 1226(c), or § 236 (c) of the INA.  This statute provides for the mandatory detention, without bond while removal proceedings are pending, of those aliens who committed certain enumerated categories of criminal and other offenses.  *See* 8 U.S.C. § 1226(c)(1).  "The Supreme Court left no doubt that the Government's authority under section 1226(c) to detain aliens without an opportunity for bond complies with the Constitution."  *Chavez-Alvarez*, 783 F.3d 469, 473 (3d Cir. 2015) (citing *Demore v. Kim*,

537 U.S. 510, 531, 123 S.Ct. 1708, 1722, 155 L.Ed.2d 724 (2003)). However, "there are limits to this power." *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3d Cir. 2011)). "[T]he statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purpose of ensuring that an alien attends proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231-32; *see also Chavez-Alvarez,* 783 F.3d at 475. "[W]hen detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop*, 656 F.3d at 233. The Government must "produce individualized evidence that [the alien's] detention was or is necessary." *Chavez-Alvarez*, 783 F.3d at 478.

    Without establishing a bright-line rule as to when pre-removal detention tips the scales in favor of an individualized bond hearing for aliens held pursuant to § 1226, the Third Circuit Court has held that the determination as to whether an individual's detention is no longer reasonable in length is a "fact- dependent" inquiry and thus made on a case-by-case basis, with the government being required to show more than a mere presumption that the alien is dangerous or a flight risk based on past criminal charges. *Chavez-Alvarez,* 783 F.3d at 474-75. The Court further explained that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time Chavez-Alvaez had been detained for one year, the burden to Chavez-Alvarez's liberties outweighed any

justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.

In this instance, Walters has been held in ICE custody pursuant to § 1226(c) for approximately twenty-one months.  In light of *Chavez-Alvarez*, *supra*, and after weighing all the factors, we conclude that Walters is entitled to an individualized bond hearing before an IJ to determine "whether [his] detention is still necessary to fulfill the [INA's] purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."  *Diop*, 656 F.3d at 231.  At such an individualized hearing, Respondent must justify its continued detention of the detainee.  The Respondent shall bear the burden of proving, by clear and convincing evidence, that Walters' continued detention is still necessary to fulfill the purposes of the detention statute.  *See Guerrero Sanchez v. Sabol*, No. 1:15-CV-2423, 2016 WL 7426129, \*\* 5 - 6 (M.D. Pa. Dec. 23, 2016) (Caldwell, J.) (citing *Lora v Shanahan,* 804 F.3d 601, 616 (2d Cir 2015) and *Sing v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)).  A section 1226 detainee's dangerousness and flight risk must be made on a current basis.  *Id.*, 2016 WL 7426129, at \*\* 4 - 5 (reviewing Respondent's burden of proof at individualized bond hearing of section 1226 detainees when assessing present-day danger to the community and flight risk) (citing *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999)).  A federal district court granting habeas relief to a section 1226 detainee in the form of a bond hearing before an immigration judge may provide the Petitioner with its own bond hearing or even release if the hearing before the immigration judge does not comport with the

above standards.  *Id.*, 2016 WL 7426129, at *6 (citing *Leslie v. Holder*, 865 F. Supp. 2d 627 (M.D. Pa. 2012) and *Madrane v. Hogan*, 520 F. Supp.2d 654 (M.D. Pa. 2007)).  Thus, while granting Walters' request for an individualized hearing before an IJ, we will maintain jurisdiction over this matter pending the outcome of the parties' status reports following the hearing.

       An appropriate order will follow.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date:  February 6, 2017